IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| J.B., A MINOR, BY AND THROUGH MITULI MAHBUB | ) ) ) |
| Petitioner, | ) ) |
| v. | ) No. 06 C 5137 ) ) |
| MAUREEN DUNN, DIRECTOR, OFFICE OF REFUGEE RESETTLEMENT, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, and HEARTLAND HUMAN CARE SERVICES, INC., | ) ) ) ) ) ) ) |
| Respondents. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Petitioner's petition for a writ of *habeas corpus*. The petition relates to a fourteen-year-old female minor ("Minor"), a native and a citizen of Bangladesh, who has been placed at the Heartland Human Care Services, Inc. in Chicago, Illinois at the direction of the Office of Refugee Resettlement, U.S. Department of Health and Human Services ("ORR"). On July 26, 2005, Minor's adoptive father, a United States citizen, filed a visa petition on behalf of Minor to classify her as the child of a United States citizen ("Immediate

1

Relative"). On September 14, 2005, the petition was approved and on June 21, 2006, Minor was issued an immigrant visa at the U.S. Embassy in Bangladesh based upon the approval of the immediate relative petition. On June 28, 2006, Minor arrived with her adoptive mother, a United States citizen, at Newark International Airport, presented her immigrant visa issued by the U.S. Embassy, and sought admission to the United States as an immigrant. On that date, Minor was not admitted to the United States as an immigrant apparently because of an ongoing investigation by the U.S. Embassy in Bangladesh relating to Minor's adoption and issuance of immigrant visa. However, on that same date, Minor was paroled to the United States in the custody of her adoptive mother and was instructed to report back on August 1, 2006 for deferred inspection. On August 1, 2006, Minor reported for deferred inspection as requested, her parole was revoked, and she was taken into custody by officials of the Department of Homeland Security. Minor was then referred to ORR, the office in charge of the care of unaccompanied alien children. Minor is requesting that she be released to the custody of her adoptive parents.

ORR has denied a Family Reunification Application filed by and on behalf of Minor because of a pending investigation at the U.S. Embassy in Bangladesh and has stated in the denial letter: "We are looking out for the best interests of the child." However, when Minor initially arrived in the United States on June 28, 2006, she was allowed to reside with her adoptive family. The record also reflects that on September 13, 2005, a judge of the Surrogate's Court in New York entered an order of pre-adoption of Minor by her adoptive parents. The court's order included that

the investigator's report indicated that the adoption "would be for the best interests of said minor" and the court stated: "and it appearing to my satisfaction that the moral and temporal interests of the minor will be promoted by the granting of the petition."

The authority of the government to place an unaccompanied alien minor in a custodial environment for the protection of such a child is an important function, and the question of when to exercise such authority is an equally serious matter and due process requires nothing less. ORR has not provided any evidence that would indicate that Minor's adoptive family harmed her or that her adoptive family represents a threat to her. Since the government has previously released Minor into the custody of the adoptive parents and no new negative evidence has been presented that Minor will be in danger, we find based upon the record before us that the government has not presented sufficient evidence to show that Minor's welfare or life would be in danger if she was temporarily released into the custody of her adoptive parents. We, therefore, order that Minor be released to her adoptive parents or their representative no later than 3:00 p.m. on November 21, 2006.

In ordering Minor's temporary release we are not ruling on the validity of the adoption or the legitimacy of the pending investigation. Nor are we barring the government from conducting further suitability assessments, initiating revocation proceedings, or proceeding with the removal proceedings in the proper venue.

                                                Samuel Der-Yeghiayan
                                                United States District Court Judge

Dated: November 16, 2006